JEANNE MAGNUS, PLAINTIFF-RESPONDENT, v. NEW JERSEY STATE FIREMEN'S ASSOCIATION, A CORPORATION, DEFENDANT-APPELLANT.

Submitted May term, 1936—Decided June 23, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the plaintiff-respondent, *McDermott, Enright & Carpenter* and *Carl S. Kuebler*.

For the defendant-appellant, *King & Vogt* and *Robert H. Schenck*.

PER CURIAM.

The appeal is from a judgment in favor of the plaintiff. The action was brought to procure the burial benefits provided by law for the widow or next of kin of an exempt fireman.

Plaintiff's husband became an active and lawful member of the fire department of the borough of Maywood September 7th, 1909. He was then a British subject but was naturalized as a citizen of the United States March 22d, 1912, and remained a citizen of this country until his death. He served seven full years as an active member of the Maywood fire department and on September 25th, 1918, received from that department an exempt fireman's certificate bearing the attestation of the mayor of the borough and declaring that he was entitled to all of the honors and privileges of an exempt fireman. That certificate was filed in the office of the clerk of the county of Bergen on October 3d, 1918. Further, by virtue of it, Magnus was listed by the defendant upon its records as an exempt fireman.

Appellant's first point is that its rules and regulations preclude payment to the respondent. We have examined the rather voluminous rules and regulations of the appellant and find none which, in our opinion, precludes the payment sued for. Particularly—and this seems to be the bone of the contention—we find no requirement that a fireman, in order to become eligible to benefits on the ripening of his exemption, must, as of the time when the decedent began his service,

have been an American citizen at his entry into the department.

Appellant's second point is that the moneys received by it are in the nature of tax moneys and that the persons entitled to benefit and share therein must be citizens and residents of New Jersey. We find no support for that contention either in the statute, the cases or the defendant's rules and regulations.

Finally it is said that the decedent's exemption certificate was issued by an exempt association formed pursuant to *Pamph. L.* 1889, *ch.* 10, *p.* 19; 2 *Comp. Stat.*, *p.* 2374, § 191, *subsec.* 1, is for a limited purpose and did not make either Magnus or his widow eligible for the benefits granted by the appellant. Magnus was, we find, an exempt fireman within the purview of the statutes and of the appellants' rules and regulations. His status was sufficiently certified and the court below was justified in finding that his widow is entitled to the burial benefit.

The judgment below will be affirmed.